UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., <br><br> Petitioner, <br><br> v. <br><br> INTERNATIONAL EXPO SERVICE, INC., a California corporation, <br><br> Respondent. | Case No. C14-109-BAT <br><br> **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Northwest Administrators, Inc. filed this action to collect unpaid pension trust fund withdrawal liability from defendant International Expo Service, Inc. Dkt. 1. Plaintiff has moved for summary judgment. Dkt. 14. Defendant has not opposed plaintiff's motion. Having considered plaintiff's motion and the record, the Court hereby **GRANTS** plaintiff's motion for summary judgment.

## BACKGROUND

The relevant facts are undisputed. On January 23, 2014, plaintiff initiated this action against defendant to recover unpaid contributions, liquidated damages, interest, and attorneys' fees and costs. Dkt. 1. Plaintiff is the authorized administrative agency and assignee of the Western Conference of Teamsters Pension Trust Fund ("Pension Trust"). *Id.*, *see also* Sander Declaration, Dkt. 15 at 2, ¶ 4.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT- 1

Defendant is a party to a labor agreement requiring that it pay monthly contributions to the Pension Trust at specific rates for certain hours worked. Sander Decl. at 3, ¶ 12, and Exhibit B attached thereto. Defendant is also party to an Employer-Union Certification under which defendant is bound by the Pension Trust's Agreement and Declaration of Trust ("Trust Agreement"). Dkt. 14 at 3, Sander Decl. at 3, ¶ 13 and Ex. C, A attached thereto. Defendant partially withdrew from the Pension Trust on or about December 1, 2011. Sander Decl. at 4, ¶ 14. On May 10, 2013, the Pension Trust sent defendant a certified letter containing notice of defendant's withdrawal liability in the amount of $172,981.54, a payment schedule, and a demand for payment. *Id.* and Ex. D attached thereto. The Pension Trust sent a second certified letter to defendant, dated August 22, 2013. Sander Decl. at 5, ¶ 17, and Ex. E attached thereto. The second letter advised defendant of the Pension Trust's May 2013 letter, and notified defendant of its failure to make the first two scheduled payments. *Id.* Defendant failed to initiate arbitration within sixty days of the Pension Trusts' notification of its withdrawal liability, and has made no payments since the Pension Trust sent it a certified letter containing notice of defendant's withdrawal liability. Sander Decl. at 5, ¶¶ 18-19. The Pension Trust's Trust Agreement provides that, in the event an employer becomes delinquent in the payment of the employer's required contributions, the Pension Trust may also recover interest on the employer contributions, liquidated damages, and reasonable attorneys' fees and costs. Dkt. 14 at 11; Exhibit A to Sander Dec. at 14.

**DISCUSSION**

**A.   Legal Standard**

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine dispute as to any material fact" and the moving

party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, it is entitled to summary judgment if the nonmoving party fails to present specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.[1]

**B.     Statutory Framework and Analysis**

Pension plans are regulated pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. The Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381–1453, amended ERISA to allow plans to impose proportional liability on withdrawing employers for the unfunded vested benefit obligations of multiemployer plans. 29 U.S.C. § 1381; *see also Carpenters Pension Trust Fund v. Underground Constr. Co., Inc.*, 31 F.3d 776, 778 (9th Cir. 1994). When an employer withdraws from a multiemployer pension plan, the plan sponsor must determine the employer's withdrawal liability, notify the employer of the amount due, and demand payment in accordance with a listed schedule. 29 U.S.C. §§ 1381-82, 1399(b)(1). Any disputes between the employer and plan sponsor relating to the employer's withdrawal liability are to be arbitrated after the employer timely requests review of the liability assessment. 29 U.S.C. §§ 1399(b), 1401. Arbitration may be initiated within the earlier of sixty days after the employer is notified of the sponsor's initial review, or between 120 and 180 days after the employer requests review. 29 U.S.C. § 1401(a). If the employer fails to initiate timely arbitration, the amount demanded by the sponsor becomes due and owing on the schedule set forth by the plan sponsor. 29 U.S.C. § 1401(b)(1). If this schedule is disregarded

---

[1] A court may not consider a failure to file papers in opposition to a summary judgment motion as an admission that the motion has merit. Local Civil Rule 7(b)(2).

and the employer fails to cure the delinquency within sixty days of notice of the delinquency, the plan sponsor is entitled to obtain immediate payment of the employer's withdrawal liability. 29 U.S.C. § 1399(c)(5).

As discussed above, there is no dispute defendant has taken no steps to review the liability assessment, seek arbitration, or make payments toward its partial withdrawal liability in the seventeen months that have passed since defendant received the Pension Trust's withdrawal liability notice. As a result of defendant's failure to seek arbitration, the amounts demanded by the Pension Trust became due and owing on the payment schedule it set forth. As more than sixty days have also passed since the Pension Trust sent notice of defendant's delinquency in making payments according to schedule, the Pension Trust is entitled to immediate payment of defendant's withdrawal liability.

The Court also concludes that plaintiff is entitled to liquidated damages, interest, and attorneys' fees and costs. *See* 29 U.S.C. § 1132(g); *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989) (stating § 1132(g) "applies when (1) the fiduciary obtains a judgment in favor of the plan, (2) *unpaid* contributions exist at the time of suit, and (3) the plan provides for liquidated damages") (emphasis in original). By the time plaintiff initiated this action, the time for review and arbitration had expired, delinquency set in, and the $172,081.54 remained unpaid. Accordingly, plaintiff's request for interest, attorneys' fees and costs, and for 20 percent liquidated damages of $34,416.30 is appropriate.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** plaintiff's motion for summary judgment, Dkt. 14. The Court **STRIKES** the trial date. Plaintiff is AWARDED partial

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT- 4

withdrawal liability of $172,081.54 and liquidated damages of $34,416.30.  Plaintiff may submit a supported calculation of attorneys' fees, costs, and interest no later than **November 3, 2014**. Defendant may respond to the calculation no later than **November 7, 2014** and plaintiff may reply no later than **November 11, 2014**.

DATED this 23rd day of October, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge